## Moses *vs*. The State of Georgia.

[This case was argued at the last term and the decision reserved.]

1. The act of 1858, providing the manner in which jurors shall be selected in the county of Chatham, for the trial of criminal cases, where the regular panel has been exhausted, is repugnant to the provisions of the constitution of 1868 and the act of 1869, passed in pursuance thereof, regulating the selection of upright and intelligent persons to serve on juries.

2. Where the law is substantially charged, an inaccuracy of expression which cannot injure the defendant, is no ground for new trial.

Criminal law. Constitutional law. Jurors. Charge of Court. Before Judge Tompkins. Chatham Superior Court. February Term, 1877.

Reported in the decision.

RUFUS E. LESTER, for plaintiff in error.

A. B. SMITH, solicitor general, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of an " assault with intent to murder," and, on his trial therefor, was found guilty. A motion was made for a new trial, on the grounds therein stated, which was overruled, and the defendant excepted.

The two grounds of error insisted on here, were the overruling the defendant's challenge to the array of jurors put upon him, because their names were not drawn from the jury box, as provided by the act of 1858, but were summoned by the sheriff, and because the court charged the jury,. amongst other things, " What is his own defense, and what are circumstances of justification, is a question entirely for the jury to determine, under the evidence."

1. The act of 1858 provided that the inferior court of Chatham county, together with the clerk thereof, and the sheriff of said county, should, on the first Monday in January, 1859, and biennially on the third Monday in January thereafter, select from the books of the receiver of tax returns for said county of Chatham, the names of *all* citizens of said county between the ages of twenty-one and sixty, make a list thereof, and then make out tickets, with the names of the persons so selected, which tickets shall be put in a box, locked up and sealed; and that, upon the trial of

any criminal case in the superior court of said county, when there are not a sufficient number of regularly summoned jurors in attendance to constitute a panel to be put upon the prisoner, the court shall draw from said box the tales jurors sufficient in number to make up the panel, who shall be summoned by the sheriff for the trial of the case.   The constitution of 1868 declares that "local and private acts, passed for the benefit of counties, cities, towns, corporations, and private persons, not inconsistent with the supreme law, nor with this constitution, and which have not expired nor been repealed, shall have the force of statute law, subject to judicial decision as to their validity when passed, and to any limitations imposed by their own terms."   Code, §5146.   It was insisted here for the plaintiff in error, that the act of 1858, under the provision of the constitution above cited, was still of force, and that the tales jurors for the trial of his case should have been drawn from the jury box, as provided by that act, and not have been summoned by the sheriff.   Whether the act of 1858 is now of force, depends upon the fact as to how far that act is inconsistent with the constitution of 1868 in relation to the selection of jurors, and the act of the general assembly of 1869 to carry into effect that clause of the constitution.   The constitution declares " that the general assembly shall provide by law for the selection of upright and intelligent persons to serve as jurors."   The act of 1869 provides in what manner those upright and intelligent persons shall be selected as jurors. The act of 1869, in the words of the constitution, requires the commissioners for each county to select from the book of the receiver of tax returns, " upright and intelligent persons " to serve as jurors, and put their names on the tickets to be placed in the jury box, whereas, the act of 1858 requires that the names of *all* the citizens of Chatham county on the books of the receiver of tax returns, between the ages of twenty-one and sixty, shall be put on the tickets and placed in the jury box, to be drawn as tales jurors for the trial of criminal cases, whether said citizens were " upright

and intelligent persons" or not. There is no provision made in the act of 1858 for the selection of "upright and intelligent persons" from the books of the receiver of tax returns, to serve as jurors for the trial of criminal or any other cases; and, therefore, to draw jurors from a box selected from *all* the citizens between twenty-one and sixty, for the trial of a criminal case, or any other case, without regard to their qualifications as prescribed by the constitution of 1868, and the act of 1869, would be inconsistent with and repugnant to both. The constitution, and the act of 1869, require that jurors for the trial of either civil or criminal cases, in all of the counties in the state, including Chatham county, shall be "upright and intelligent persons." The act of 1858 requires no such qualification as that for the selection of tales jurors for the trial of criminal cases in Chatham county, and is, therefore, abrogated by the constitution of 1868 and the act of 1869. There was no error in overruling the defendant's challenge to the array of jurors put upon him at the trial, as set forth in the record.

The charge of the court complained of, would have been more accurate if the court had said, what is his own defense, and what are circumstances of justification, is a question entirely for the jury to determine, under the law and the evidence; but the court had given the law in relation to self-defense and justification in charge to the jury, as appears from its general charge set forth in the record, and when the portion excepted to is taken in connection with the entire charge, the defendant could not have been injured by it, under the evidence and the law applicable thereto. The case of Moses *vs.* The State, in which the defendant was found guilty of an assault and battery only, was argued, together with this case. Let the judgment of the court below, in both cases, be affirmed.