## REID *vs.* THE STATE OF GEORGIA.

1. On the issue of assault and battery, abusive language, without more, will not be a valid legal defence to battery with a rock.
2. If the person who used the opprobrious words had a knife in his hand, but did not advance towards defendant, or offer to strike or cut or stab with the knife, such conduct will not justify a battery with a rock.
3. If one makes use of opprobrious epithets, and another replies with other opprobrious words, the former will not be justified in striking the latter for the use of language provoked by his own similar language.
4. The use of opprobrious words may or may not justify a battery, according to the nature and extent of it; and abusive language will not justify a battery which is excessive and disproportioned to the language used,—all of which the jury should determine.
5. The evidence was conflicting, but supported the verdict.
   Judgment affirmed.

November 6, 1883.

JACKSON, Chief Justice.

## CAMP *et al. vs.* COCHRANE *et al.*

1. The verdict was contrary to evidence. Plaintiff showed no possession of the strip of land in controversy, under color of title or otherwise. The defendant showed actual possession under fence for more than seven years, under written color of title, and claim of right to the *possessio pedis.*
2. Acquiescence for seven years, by acts or declarations of adjoining land-owners, will establish a dividing line; and where actual possession has been had, under a claim of right, for more than seven years, such claim shall be respected, and the lines so marked by processioners as not to interfere with such possession. Code, §§2388, 2389.
(*a.*) In the present case, processioners marking a line and the court and jury trying an ejectment case, having failed to respect a line so established, the verdict is set aside.
   Judgment reversed.

September 11, 1883.

JACKSON, Chief Justice.