BOATWRIGHT *v.* THE STATE.

1. Where a battery with a weapon likely to produce death was being committed by the deceased upon the slayer when the mortal blow was given, the fact that he provoked the battery by the use of opprobrious words would not put the slayer in the wrong for resisting it so far as was necessary to his defence; and a seeming necessity, if acted upon in good faith, would be equivalent to a real necessity.

2. The instrument with which the prisoner was beaten by the deceased being a stick (a pine picket) two inches square and three feet long, it was error to charge the jury in substance that if the deceased, under the provocation of opprobrious words, advanced upon the prisoner to inflict, and did inflict, such a mere battery as the jury considered the words would justify, and if the prisoner

resisted the battery with a weapon likely to produce death and in such manner as to produce it, then the killing would neither be manslaughter nor justifiable homicide. Provocation by words will not justify an assault which is apparently dangerous to life, though the assailant may really intend only a moderate battery, and not to kill or seriously injure.

3. The evidence not showing that the prisoner, after giving the first provocation, gave any further provocation, it was error to charge the jury upon the hypothesis that he "still provoked the deceased."

4. Where a blow mortal in its nature is wilfully inflicted with an instrument likely to cause death, the homicide produced by it is not involuntary manslaughter, but unless justifiable, is either murder or voluntary manslaughter.          *Judgment reversed.*

March 26, 1892. Argued at the last term.

Criminal law. Murder. Manslaughter. Assault and battery. Charge of court. Before Judge ATKINSON. Glynn superior court. December term, 1890.

Boatwright was charged with the murder of Barkaloo. He was found guilty of voluntary manslaughter, and to the overruling of his motion for new trial he excepted. One of the grounds of the motion was, that the court charged as follows: "If you should believe from the evidence in this case that the defendant used opprobrious words towards the deceased, you will consider whether these words were of such a character as would have justified the infliction of a battery upon the defendant by the deceased; if you find that such opprobrious words were used and without provocation, and that the deceased advanced upon the defendant to inflict upon him a mere battery, and that the defendant struck him and with a weapon likely to produce death, and in such a manner as to produce death, then the court charges you that the defendant would not be justified, nor could he excuse the homicide, or reduce the degree to manslaughter by such proof." Assigned as error because there was no evidence that deceased advanced upon defendant to inflict a mere battery, but the evidence showed that deceased advanced upon defendant

with a weapon likely to produce death, and did in fact strike and beat defendant with the deadly weapon before any blow was given by defendant.

Another ground is, that the court erred in assuming in the charge that defendant had given provocation to deceased, that deceased advanced upon defendant, that defendant still provoked deceased and armed himself, and that they engaged in such mortal combat,—as appears from the following instructions : "Words cannot justify the use of a deadly weapon in the infliction of a battery; and if you believe from the evidence that upon such provocation given that the deceased advanced upon defendant, that the defendant still provoked the deceased and armed himself, and that they engaged in such mutual combat, and the defendant slew the deceased, it would be your duty under these circumstances to convict him of the offence of voluntary manslaughter."

It is further complained that the court refused to charge, as requested, certain principles as to involuntary manslaughter.

WALTER A. WAY, by brief, for plaintiff in error.

W. A. LITTLE, attorney-general, by J. H. LUMPKIN, and W. G. BRANTLEY, solicitor-general, *contra.*