### 2221. CRAWLEY *et al.* v. THE STATE.

Opprobrious words will not justify an assault with a deadly weapon. If one, out of resentment of the use of opprobrious words by another, makes an attack upon him with a deadly weapon, the latter may repel the attack with all necessary force, even to the extent of using deadly weapons.

Indictment for assault with intent to murder; from Gordon superior court—Judge Fite. September 28, 1909.

Argued November 16,—Decided December 4, 1909.

*T. W. Skelly, F. A. Cantrell, Maddox, McCamy & Shumate,* for plaintiff in error. *Thomas C. Milner, solicitor-general,* by *George W. Stevens, J. G. B. Erwin,* contra.

PowELL, J. 1. The two Crawleys were indicted for assault with intent to murder, upon one Dangler, and were convicted of assault and battery. Under the testimony of the prosecutor, Felix Crawley used opprobrious language to him, whereupon he took up a plow handle, admittedly a deadly weapon, and attempted to strike Felix, but missed him. As he was going toward Felix, he discovered that the other brother, Decatur Crawley, was coming on

to him with a hoe. Then he turned his attention to Decatur, but received a lick from the hoe; and about the same time, Felix, who had obtained a rock, struck him with that. The wounds he received were severe. The prosecutor, on the witness stand, conceded that he was making the attack upon Felix on account of the opprobrious language, and not on account of any attack made upon him by either of the brothers. The defendants presented a written request to charge as follows: "I charge you that opprobrious words alone will not justify the use of a deadly weapon, and although Felix Crawley may have cursed the prosecutor, and if the prosecutor, because of the opprobrium, assaulted Crawley in the manner and with a weapon likely to produce death, Crawley would have had the right to defend himself against such deadly assault, if you find one was made by Dangler, the prosecutor, as stated." The court gave this, but added the following qualification: "provided that he or he and his brother were not assaulting or attempting to assault Dangler with a deadly weapon; otherwise he would be guilty of the main charge, or of an assault and battery, as you may find the facts." Error is assigned upon the language contained in this qualification.

It is not quite clear what meaning the judge intended to convey by the language used in the qualification to the requested instruction set out above. It is fairly susceptible of two meanings: the one, that if the prosecutor's assault with the deadly weapon was in response, not only to opprobrious language, but also to a deadly assault by one or both of the defendants, then the defendants would not be justifiable; and, as an abstract proposition, this might be correct, though it is hardly applicable to the facts of the case as advanced by the prosecutor. The other meaning of which the language is susceptible is that if one of the defendants used opprobrious language, and the prosecutor, in resentment thereof, made an attack upon him, he (the defendant) might defend against that attack, provided that the assault made in repelling the prosecutor's attack was not made with a deadly weapon. Opprobrious words will never justify the use of a deadly weapon in a deadly manner. *Boatwright* v. *State,* 89 *Ga.* 140 (15 S. E. 21) ; *Fussell* v. *State,* 94 *Ga.* 78 (19 S. E. 891) ; *Nixon* v. *State,* 101 *Ga.* 574 (28 S. E. 971). If the prosecutor, out of resentment aroused by the use of the opprobrious language, made an assault upon one of the brothers

with a deadly weapon, used in a deadly manner, either or both of them would have had the right to resist the assault with all the force reasonably necessary to repel it, even to the extent of employing a weapon likely to produce death. *Butler* v. *State, 92 Ga.* 602 (19 S. E. 51). Under the circumstances detailed by him, Felix Crawley, upon whom he was attempting to make the assault with the plow handle, had the right to defend himself with the rock, irrespective of whether Decatur Crawley was simultaneously attempting to strike him with the hoe or not. The evidence is not wholly clear as to the exact moment Decatur Crawley's attack upon the prosecutor began. If he began it before the prosecutor initiated his attack upon Felix, he might be liable for the assault; but if, seeing the prosecutor about to attack his brother and making overt acts in that direction, he seized the hoe and ran to his rescue, he would be justifiable. Of course, in the theory here announced it is assumed that rocks, plow handles, and hoes stand upon practically the same footing as weapons of offense and defense; and we think it fair to assume that they do. The whole idea is that when the prosecutor made an assault of greater degree than the opprobrious mode would justify, he put himself in the wrong, and placed himself in the same attitude as if he were the aggressor ab initio; and the defendants had the right to make any counter attack upon him that would not exceed the necessities of a defense against his attack. *Judgment reversed.*