### 3976. CONOLY *v.* THE STATE.

The defense of misadventure or accident being directly involved under the evidence, it was error to fail to instruct the jury upon this theory of defense, even without a written request.

DECIDED MARCH 19, 1912.

Accusation of assault and battery; from city court of Sylvester— Judge Williamson. September 26, 1911.

*Tison & Rice,* for plaintiff in error.

*W. E. Wooten, solicitor-general, J. H. Tipton,* contra.

POTTLE, J. The accused was convicted of assault and battery. The State's main witness described the occurrence thus: "We was there in the house where I was ironing, and we were all talking and going on, and Floyd came there, and was playing; he had some whisky, and told them that if they would take it away from him they could have it. Some one took it away from him and ran away, and he ran after them, and he picked up the sugar dish and throwed it and hit me accidentally. He was not mad with me, and I had been living with him and his wife for a long time, and he had never mistreated me, and I was not mad with him or him with me, and this was purely accidental."

It is doubtful whether the evidence as a whole justified the conviction. The State's witness may have repented, as so frequently happens in this class of cases and among this character of our citizenry.

But whatever the truth may be, the accused was manifestly entitled to an instruction upon the law of misadventure or accident, and the failure to give him the benefit of this theory of defense demands a new trial                                                    *Judgment reversed.*