### 7357. JONES v. THE STATE.

BROYLES, J. 1. While a defendant in a criminal case may be cross-examined with his consent, his agreement or offer to be cross-examined does not impose any obligation upon the prosecution to cross-examine him, and he can not complain that the State's attorney refused to conduct the cross-examination. Under the facts of this case, the error of the court in ruling broadly that the defendant could not be so examined was harmless. See *Roberson* v. *State,* 12 *Ga. App.* 102 (76 S. E. 752).

2. The defendant was charged with shooting at another, and his sole defense was that the shooting was an accident, and much of the evidence in the case tended to support this contention. It was therefore error for the court to fail to charge the law of accident or misadventure, even without a timely written request. *Smith* v. *State,* 109 *Ga.* 479 (3), 484 (35 S. E. 59); *Conoly* v. *State,* 10 *Ga. App.* 822 (74 S. E. 285).

*Judgment reversed.*

DECIDED JUNE 26, 1916.

Conviction of shooting at another; from Campbell superior court —Judge Smith. February 10, 1916.

*Claude C. Smith,* for plaintiff in error.

*George M. Napier, solicitor-general,* contra.