7713. LOTT *v.* THE STATE.

BROYLES, J. 1. The alleged newly discovered evidence is merely cumulative and impeaching in its character. It is evident, from an examination of both the brief of evidence in the record and this alleged newly discovered evidence, that the latter is not "newly discovered" at all, but that merely some additional witnesses have been "discovered" since the trial of the case who would, upon another trial, give testimony to the same effect as that of witnesses upon the former trial. Accordingly, the court did not err in overruling the grounds of the motion for a new trial which were based upon this alleged newly discovered evidence.

2. The court is not required to charge upon a theory of defense arising solely from the statement of the accused, in the absence of a timely written request so to charge. *Hardin* v. *State*, 107 *Ga.* 718 (33 S. E. 700); *Baker* v. *State*, 111 *Ga.* 141 (36 S. E. 607); *Gay* v. *State*, 111 *Ga.* 649 (36 S. E. 857); *Richards* v. *State*, 114 *Ga.* 834 (40 S. E. 1001); *Smith* v. *State*, 117 *Ga.* 259 (43 S. E. 703); *Johnson* v. *State*, 4 *Ga. App.* 59 (60 S. E. 813). In this case the theory of involuntary manslaughter arises solely from the statement of the accused, and is in conflict with the evidence. The court, therefore, was not required to give in charge

the law of involuntary manslaughter, in the absence of a timely written request. *Johnson* v. *State*, supra.

3. While there can not be either murder or voluntary manslaughter without an intent to kill, yet where the weapon used by the slayer was a pocket-knife, and he stabbed the deceased in the back with it, the intent to kill may be presumed; and it was not necessary that the evidence should affirmatively show that the knife used was a weapon likely to produce death. *Johnson* v. *State*, supra. The two cases cited by counsel for the plaintiff in error (*Wrye* v. *State*, 99 *Ga.* 34, 25 S. E. 610, and *Warnack* v. *State*, 3 *Ga. App.* 590, 60 S. E. 288) to sustain their contention that the court should have charged the law of involuntary manslaughter although that theory of defense was raised solely by the defendant's statement, are not binding authorities upon this point, for the reason that the general statements in the decisions of those cases, which apparently so hold, are obiter; it appearing that in the *Wrye* case there was a *timely written request* to give such a charge, and that in the *Warnack* case the theory of involuntary manslaughter was raised not only by the defendant's statement, *but also by the sworn testimony.* Under this ruling there is no merit in the 8th, 9th, and 10th grounds of the motion for a new trial.

4. The following charge is complained of: "In all criminal cases the jury are the judges of the law and the facts; they take the law as it is given to them by the judge, the facts from the sworn testimony and the defendant's statement, and, applying the law so given to the facts thus ascertained, make up their verdict." It is contended that this charge limited the jury to a consideration of such facts as were ascertained from "the sworn testimony and the defendant's statement" although there were exhibited to the jury scars upon the body of the sister of the defendant, and also a razor which was introduced in evidence. There is no merit in this exception. The scars referred to were fully described in the oral testimony of various witnesses, and in this way were submitted to the jury for their consideration, although, strictly speaking, they were not evidence. The only physical evidence in the case was a razor, which was admitted as having been found near the scene of the killing, but which was never identified as the one used by the deceased during the difficulty, or as having been in any way connected with the killing.

5. Under the particular facts of the case there was no error in the instructions complained of in the 12th and 13th grounds of the motion.

6. In charging upon the subjects of murder, voluntary manslaughter, and justifiable homicide, in regard to the fears of a reasonable person, it was not material error for the court to use the words "a reasonable courageous person" instead of using the words "a reasonable person," or "a *reasonably* courageous person." *Griffin* v. *State*, 18 *Ga. App.* 463 (6) (89 S. E. 537). Under this ruling there is no merit in the 14th, 15th, 16th, and 17th grounds of the motion for a new trial.

7. There was ample evidence authorizing the verdict, and the court did not err in overruling the motion for a new trial. *Judgment affirmed.*

DECIDED OCTOBER 31, 1916. REHEARING DENIED NOVEMBER 16, 1916.

Indictment for murder—conviction of voluntary manslaughter; from Coffee superior court—Judge Summerall. February 9, 1916.

*W. C. Bryan, Lankford & Moore,* for plaintiff in error.

*M. D. Dickerson, solicitor-general, McDonald & Willingham,* contra.