### 10052.  TYSON v. THE STATE.

HARWELL, J.  1. The evidence for the State made out a case of assault with intent to murder. The theory of mutual combat, on which the plaintiff in error insists the court should have charged the jury, was raised, if at all, only by the defendant's statement at the trial.  In the absence of a timely written request therefor, the court did not err in failing to charge the law of voluntary manslaughter.  *Lott* v. *State*, 18 *Ga. App.* 747 (2, 3) (90 S. E. 727); *Green* v. *State*, 22 *Ga. App.* 793 (97 S. E. 201).

2. Certain special grounds of the motion for a new trial were based upon alleged newly discovered evidence of two witnesses. The supporting affidavits did not comply with the rule that. "If the newly discovered evidence is that of witnesses, affidavits of their residence, associates, means of knowledge, character, and credibility must be adduced," (Civil Code, § 6086); and the court did not err in overruling these special grounds of the motion for new trial.

3. The defendant was convicted of assault with intent to murder, and upon recommendation of the jury the court sentenced him as for a misdemeanor. The evidence authorized the verdict.

      *Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*
                    DECIDED NOVEMBER 7, 1918.

Indictment for assault with intent to murder; from Wayne superior court—Judge Highsmith. July 13, 1918.

*James R. Thomas,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general,* contra.