## 10145. ˉFOLDS v. THE STATE.

1. The following charge of the court was not error: "Who used the first opprobrious words, if any were used? I charge you that if you should find that although there might have been opprobrious words used, yet if you find the defendant Folds used the first opprobrious words, that would not justify him in striking Moseley on account of his (Moseley) using opprobrious words."
2. When considered in the, light of the entire charge of the court and the facts of the case, there is no material error in any of the other excerpts from the charge upon which error is assigned.
3. A portion of the request to charge contains a reference to "the relative size and strength" of the prosecutor and the defendant. The evidence is silent as to the relative strength of these parties, and accordingly the court did not err in refusing to give the requested instructions. *Thompson* v. *State*, 20 *Ga. App.* 178 (6) (92 S. E. 959).
4. The verdict was amply authorized by the evidence, and the court did not err in overruling the motion for a new trial.

DECIDED JANUARY 9, 1919.

Accusation of assault and battery; from city court of Carrollton —Judge Beall. August 2, 1918.

*Emmett Smith,* for plaintiff in error.

*Willis Smith, solicitor,* contra.

BROYLES, P. J. The first headnote alone needs elaboration. In our opinion the court did not err in charging, in substance, that if the defendant first used opprobrious words to the prosecutor, thereby causing the prosecutor to reply with opprobrious words, then the defendant would not be justified in striking the prosecutor on account of the latter's use of opprobrious words. This ruling is not in conflict with the decision in *Arnold* v. *State,* 46 *Ga.* 456, cited by counsel for the plaintiff in error. In that case it was merely held that it was not error for the court to charge the jury that "if they believed, from the evidence, that the defendant used the first insulting and opprobrious words, they might take that into consideration in determining whether the defendant was justified in making the alleged assault." It is obvious that the plaintiff in error in that case could not complain of the charge given; and that was substantially all the court decided. It does not follow that the judgment of the trial court would have been reversed if the charge had not been given. Nor is our ruling in conflict with the decision in *Reid* v. *State,* 71 *Ga.* 865, or with that in *Sutton* v. *State,* 2 *Ga. App.* 659 (58 S. E. 1108). In the *Reid* case the third headnote is as follows: "If one makes use of.

opprobrious epithets, and another replies with other opprobrious words, the former will not be justified in striking the latter for the use of language provoked by his own *similar* language." (Italics ours). An examination of the original record in the *Reid* case, on file in the office of the clerk of the Supreme Court, shows that the charge of the judge which was excepted to, and which was *approved* by the Supreme Court, was as follows: "If defendant first used abusive language to Canafax [the prosecutor], and caused Canafax to reply with abusive language or opprobrious words, then defendant would have no right to strike Canafax for the use of such language". It will be observed that the charge just quoted is substantially like the charge excepted to in the instant case. The record in the *Reid* case shows also that the opprobrious words used by the prosecutor and the defendant respectively were not "similar" in the sense that they were equal in severity and abuse, but that they were similar in their general character and in belonging to a particular class of words, viz. opprobrious words; and, in our opinion, the Supreme Court used the word "similar" in the latter sense.

In the *Sutton* case, supra, this court held, in the second paragraph of the decision, that "the aggressor in the use of opprobrious words can not set up, as a defense to a violent battery with a pistol, the use of similar words provoked by his own language." An examination of the original record in that case shows the same state of facts substantially as disclosed by the record in the *Reid* case, and this court must have used the word "similar" in the sense in which it was used by the Supreme Court. At all events, the charge approved by the Supreme Court in the *Reid* case, just mentioned, is substantially the charge complained of in the case at bar. It follows that the charge under review was not erroneous in this respect; nor was it erroneous for any other reason assigned.

*Judgment affirmed. Bloodworth, J., concurs. Stephens, J., dissents.*

STEPHENS, J., dissenting. The judge below charged the jury that if the defendant used the first opprobrious words, that would not justify him in striking the prosecutor on account of the prosecutor having used opprobrious words. This, in my opinion, was error, and deprived the defendant of the right, which the law gives him, to plead, in defense to a battery by him, opprobrious words

used by the person assailed, and to have the jury pass upon the sufficiency of his defense.  The Penal Code, § 103, says:  "On the trial of an indictment for an assault, or an assault and battery, the defendant may give in evidence to the jury any opprobrious words, or abusive language, used by the prosecutor, or person assaulted or beaten; and such words and language may or may not amount to a justification, according to the nature and extent of the battery, all of which shall be determined by the jury."  According to the provisions of this section the jury is given the right to pass upon such defense, and its power in this respect is not limited or curtailed.  It is plenary and full.  According to the view which I take, no court has the right to say that the defendant, by language slightly offensive used by him to the one assaulted, has forfeited his right to avail himself of the defense which the statute, without limit or qualification, gives him.  It has always been the distinct policy in this State to favor jury trials in criminal cases. I am, therefore, unwilling to render a judgment curtailing and limiting this right, unless forced to do so by clear and imperative authority.

It is true that in the reporter's headnote in the case of *Reid* v. *State*, 71 *Ga.* 865 (3), cited in the majority opinion, it is stated in general language that "if one makes use of opprobrious epithets, and another replies with other opprobrious words, the former will not be justified in striking the latter for the use of language provoked by his own similar language."  While this language, literally construed, might sustain the doctrine now announced by the majority of this court, I do not think, from an inspection of the original record in that case, that this language means what the majority of the court construes it as meaning.  It must be taken with reference to the peculiar facts of that case, which show that the defendant therein did not commit an ordinary battery, which he could justify on account of opprobrious words used to him, but committed an assault and battery with a rock, inflicting a severe and dangerous wound upon the head, calculated to produce death. See the comments of Mr. Justice Samuel Lumpkin in *Nixon* v. *State*, 101 *Ga.* 575 (28 S. E. 971), restricting and distinguishing this case to its own peculiar facts.  The charge in the *Reid* case was to the effect that if the opprobrious words used by the defendant to the prosecutor *"caused"* the prosecutor to reply with abusive

language or opprobrious . words, the defendant would have no right to strike the prosecutor for the use of such language. This charge is entirely different from the charge complained of in the instant case, where the jury was charged that the defendant could not defend a battery on account of the use to him of opprobrious words when the defendant himself used the first opprobrious words; the judge in the instant case failing to limit the application of the rule which he lays down to cases where opprobrious words used by the defendant *"caused"* the prosecutor to retaliate with words in kind Therefore, even assuming that the majority opinion correctly states the law, I respectfully submit that it is not applicable to the charge of the court in the instant case.

In the *Sutton* case, 2 *Ga. App.* 659 (58 S. E. 1108), also cited in the majority opinion, it is held that when the opprobrious words used by the one assaulted are "provoked" by the assailant, then the latter cannot justify a "violent battery with a pistol" by way of resentment provoked by his own similar language, such battery being further characterized as "a battery with a large pistol, sufficient in severity to knock-down and cause unconsciousness". The facts in that case show that the defendant cursed the prosecutor in much more violent and abusive language than the prosecutor used to him, if the prosecutor used any abusive language in that case. The case of *Patterson* v. *State,* 14 *Ga. App.* 120 (80 S. E. 213), seems to recognize the doctrine of my contention. There was evidence in that case of a mutual exchange of both blows and abusive language. The court held that the whole matter was one for the jury. In the case of *Arnold* v. *State,* 46 *Ga.* 456, the court charged the jury as follows: "If they believe that the prosecutor used insulting and abusive language to the defendant, it might or might not amount to a justification, depending upon the extent of the battery, and if they believe, from the evidence, that the defendant used the first insulting and opprobrious words, they might take that into consideration in determining whether the defendant was justified in making the alleged assault." The Supreme Court must have tacitly approved this charge, since they did not characterize it as more favorable to the defendant than he had a right to expect. It, at least, shows how this question was regarded by a trial judge at that time.

While there is evidence in the instant case to the effect that each

party used insulting and abusive language to the other, yet each party denies that he used the language attributed to him. Whether this justified the inference that there was a mutual exchange of such language, there was in evidence certain testimony by a witness for the defense that he heard the defendant tell the prosecutor that he (defendant) understood that the prosecutor threatened to whip him, and that, upon prosecutor's reply with a most vile and insulting epithet, the defendant assaulted prosecutor and knocked him down. *Kimberly* v. *State,* 4 *Ga. App.* 852 (3) (62 S. E. 571). Without, however, confining the inquiry to this witness, it appears from the entire evidence as undisputed that the language alleged to have been used by the defendant to prosecutor was far less aggravating and insulting than that alleged to have been used by the prosecutor to defendant. There is some evidence to the effect that the battery was inflicted with the fists. I do not think, therefore, that it can be said, as a matter of law, that the language applied by the defendant to the prosecutor amounted to a forfeiture of the defendant's right to resent with an appropriate battery the vile insult alleged to have been given to him by the prosecutor. Whether or not an assault and battery is justified, under such circumstances, is a question entirely for the jury to determine; and the trial judge having failed to so submit in his charge, the conviction should be set aside and a new trial granted. See, in this connection, *Boatright* v. *State,* 89 *Ga.* 140 (1) (15 S. E. 21); *Crawley* v. *State,* 7 *Ga. App.* 95 (66 S. E. 273).