### 17881.  SMITH *v.* THE STATE.

A charge on the offense of shooting at another was not required by the evidence.

The charge of the court shows no reversible error; the evidence authorizes the verdict of assault with intent to murder, and the court did not err in overruling the motion for a new trial.

DECIDED APRIL 12, 1927.

Assault with intent to murder; from Franklin superior court— Judge W. L. Hodges. December 7, 1926.

*Wolver M. Smith, George L. Goode,* for plaintiff in error.

*A. S. Skelton, solicitor-general, Tutt & Brown, B. B. Zellars, L. S. Johnson,* contra.

LUKE, J. The defendant was convicted of assault with intent to murder, and assigns error on the overruling of his motion for a new trial. All the special grounds of the motion for a new trial relate to the charge of the court. The charge when considered as a whole and in the light of the evidence shows no reversible error. The evidence did not demand a charge on the offense of shooting at another. Intent is a matter of mind and is evidenced by external circumstances capable of proof, and there was ample evidence to show that defendant shot with premeditation and with deliber-

Homicide, 30 C. J. p. 319, n. 97; p. 336, n. 70; p. 337, n. 86; p. 434, n. 3. Intent, 33 C. J. p. 168, n. 73, 87.

ate intent to kill. The victim of the defendant's assault was the sheriff of Hart county, who had chased a carload of whisky to the defendant's home. He testified: "Mr. Smith [the defendant] and Mrs. Smith went in the house. Mrs. Smith said, just before she went into the house, 'If you have got any business here you had better attend to it.' She walked on in the house. I did not make any reply to that statement. They both went in the house, and the next I saw of Mr. Smith was, he come around the corner of the house and dropped a bucket, and as he dropped it he gave it a kick, and placed his eyes right in mine. I was some twenty or twenty-five yards from him. Mr. Smith turned and went back around to the back of the house, and in some *four or five minutes* [italics ours] I heard a noise in the same direction, and I looked, and Mrs. Smith and Rutledge Smith [the defendant] were standing at the corner of the house, and Rutledge drew up his gun. I looked around and he shot me in the right side. At the time he shot me I was some twenty or twenty-five yards from him. At that time I wasn't doing anything; I was standing there at the back of my car, on the right-hand side, at the rear end. I could see Mr. Smith at the time he shot. He shot me with a rifle. While Mr. Crawford was gone to Lavonia I stayed at the Smith home for the purpose of getting Mr. Moss, the sheriff of Franklin county, to take charge of this truck-load of whisky. . . As a result of that wound I was confined to my bed for about three weeks. The weapon I was shot with was one likely to produce death." The doctor who attended the sheriff after he was shot testified: "I am a practicing physician and surgeon. On the 19th day of June, 1926, I was called on to see Mr. A. B. Brown at his home at the Hartwell jail. He was suffering greatly from loss of blood and from shock. An operation was necessary, and I operated on him with the assistance of Dr. Hailey and Dr. Jenkins. When we went inside of him we found that two of his ribs were shot off entirely and torn to pieces, and the discharge of the bullet tore a hole in the pleural cavity, and the lining of the lung was torn and jagged. There was quite a lot of bone that was fractured in the lung. In other words, the lung was torn open at the base. In my opinion the wound was a fatal one without the utmost care, and in my opinion it would have resulted in death without the intervention of medical science or an operation." Had

death ensued, a verdict of murder would have been authorized. See *Coney* v. *State,* 101 *Ga.* 582 (28 S. E. 918) ; *Tyre* v. *State,* 112 *Ga.* 224 (37 S. E. 374) ; *Kendrick* v. *State,* 113 *Ga.* 759 (39 S. E. 286) ; *Troup* v. *State,* 26 *Ga. App.* 623 (4), 628 (107 S. E. 75).

The charge of the court shows no reversible error, the evidence authorizes the verdict of assault with intent to murder, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*