19356. GEORGIA RAILWAY & POWER COMPANY *v.* BONE.

Decided March 6, 1929.

*Sidney Smith, Colquitt & Conyers,* for plaintiff in error.
*Branch & Howard, Bond Almand,* contra.

BLOODWORTH, J. The issues in this case will be understood when the headnotes are read in connection with the following statement: W. J. Bone brought suit against the Georgia Railway and Power Company, alleging in part that the defendant was engaged in manufacturing and selling gas for heating and illuminating purposes in the city of Atlanta; that as a tenant he was occupying a house in which were gas-fixtures and appliances used in furnishing gas to the plaintiff; that on the early morning of June 23, 1925, the plaintiff and others noticed a strong odor of escaping gas; that this was reported early in the morning and again during the day to the complaint department of the gas company, which department the gas company maintains and to which its customers can make complaint; that each time after the leaking gas was reported the complaint department promised that some one would be sent to remedy the trouble; that when the plaintiff returned to his home in the afternoon he found that the company had not complied with its

promise and had sent no one to remedy the defect; that the plaintiff then undertook to locate the leak, with the idea of adopting some temporary means of preventing the gas from escaping into the house; that in the basement of the house was a servant's toilet, and that in said room there was a gas-jet for furnishing light for the room; that "the said gas-jet was located about five or five and a half feet above the floor of said room, and the gas was supplied thereto by a small pipe which ran down the side of the wall of said room and formed an elbow, then ran out from the wall toward the center of the room;" that "there was located in said room a window, the top of which was about on a level with the said gas-jet, and this window at said time was open;" that "on account of the fact that said window was open at said time, and on account of the fact that gas is lighter than air and rises and settles in the top of a room, when petitioner entered said servant's toilet the smell of gas, while present in said room, was not materially stronger therein than in other parts of the house, and petitioner therefore did not know that the gas was escaping in said room;" that "as petitioner was endeavoring to make a careful investigation of all the pipes where the same were exposed in said house, he struck a match and held the same over the gas-jet to ascertain if there was any gas escaping through the pipe; and, finding that there was no gas escaping through said gas-jet, he then passed the lighted match along the pipe leading from the wall out to the gas-jet. When he did this there was a terrific explosion in said room, which resulted in injuries to the petitioner, as will hereafter be set out;" that, "as it was afterwards discovered upon investigation, the said pipe leading to said gas-jet had a small crevice or split therein, and it was through this crevice that the gas had been escaping," that "gas such as was supplied by the defendant in the said house is highly inflammable and explosive, and, when not properly confined, is very dangerous to the occupants of the house in which it is allowed to escape; and this fact was well known by the defendant." "Petitioner shows that there was a valve or stop cock in the defendant's pipe through which the gas was conveyed from its main into said house, where the gas could be shut off before the same could reach the meter and thence into the fixtures of said house, and by means of this valve or stop-cock the gas could be shut off when it became desirable or necessary to do so." The acts of negligence alleged

were: "that under the circumstances herein related it was the defendant's duty to shut off the gas or adopt such means as was necessary to stop the gas escaping in the said house and thereby endangering the lives of the occupants thereof," and "that defendant was negligent in not sending some one to said house in response to the repeated reports and requests made to the defendant, as hereinbefore set out, and in not shutting off said flow of gas so as to prevent the same from escaping in said house as hereinbefore alleged." The evidence for the plaintiff substantially supported the allegations of the petition. Upon the trial the jury returned a verdict in favor of the plaintiff for $2,000, and the defendant made a motion for a new trial.

Special grounds 5 and 6 of the motion complain that the court erred in admitting the evidence of the plaintiff that "he did not believe that the gas was strong enough to explode in any part of the house," and that "he had seen gas people look for leaks with a match." The other special grounds of the motion are based upon alleged errors in the charge of the court. The motion for a new trial was overruled, and the defendant excepted.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*