20192.   JONES *v*. THE STATE.

Decided March 5, 1930.

278

*Anderson & Jones,* for plaintiff in error.

*W. G. Neville, solicitor-general, Deal & Renfroe,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) █ The special ground of the motion for a new trial numbered 4 alleges that the court erred in allowing a witness to testify that he went to the Aycock place the day after the fires and saw the burned place, and that the warehouse had these turpentine cups under it. Special ground 5 alleges error in allowing a witness to testify that he went to the Elias Hughes house, and in the ashes found turpenine cups. Special ground 9 alleges that the court erred in allowing a

witness to testify that "the Aycock place was fired that night; it was fired with tar cups too. There were two houses burned there, there was a dwelling house burned there, and there was a storehouse burned there. I could not tell the jury for sure who fired the Aycock house, but Millard [Jones] and Adcus left us and said that they were going to fire it. It was fired. Monts and Gordon were the ones who fired the old storehouse across the road." The objection to the evidence in each of these grounds was practically the same, being that it was irrelevant, that it was evidence. of independent and distinct crimes, that such evidence tended to raise collateral issues, and that "such evidence in no way tends to show motive, scheme, or plan of the defendant on trial." The court did not err in allowing this evidence to go to the jury. "Where knowledge, motive, intent, good or bad faith, and other matters dependent upon a person's state of mind, are involved as a material element in a particular criminal offense for which a defendant is on trial, the defendant has engaged in a course of conduct or done other acts at or about the same time the act in question was committed, and these other transactions are such as to illustrate the state of the defendant's mind on the subject involved, proof of them may be received." *Lee* v. *State,* 8 *Ga. App.* 413 (3) (69 S. E. 310); *Hayes* v. *State,* 36 *Ga. App.* 668 (1 *d*) (137 S. E. 860); *Terry* v. *State,* 36 *Ga. App.* 305 (136 S. E. 476); *Owens* v. *State,* 163 *Ga.* 567 (136 S. E. 530), and cit.

■ Special ground 6 is not complete and understandable within itself, and it would require reference to other parts of the record to determine whether or not the evidence was material or could have been harmful to the accused. The same is true of grounds 7, 8, and 10. In these grounds it does not appear how the testimony which was admitted over objection was material or could have been harmful to the plaintiff in error. *Hunter* v. *State,* 148 *Ga.* 566 (2) (97 S. E. 523); *Ga. Ry. & Power Co.* v. *Bone,* 39 *Ga. App.* 454 (1) (147 S. E. 413), and cit.; *Allen* v. *State,* 29 *Ga. App.* 213 (1) (114 S. E. 583). It is insisted that the admission of the evidence complained of in ground 10 was error because the witness was asked: "Tell about the turpentine cups," and he answered: "There were six cups under the old warehouse." This was alleged to be "A mere opinion of the witness." There is no merit in this objection.

■ There is no merit in the contention made in each of the special grounds 11, 12, and 13, that the question asked was "leading."

■ The evidence is sufficient to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke; J., concur.*