## 20220. CUNNINGHAM v. THE STATE.

DECIDED MARCH 5, 1930.

*H. Mercer Jordan,* for plaintiff in error.
*Walter C. Hartridge, solicitor-general, Julian Hartridge,* contra.

BLOODWORTH, J. We will discuss only the two grounds of the motion for a new trial which are argued by counsel for the plaintiff in error. As the other grounds are not argued, and there is no general insistence on all the grounds, these grounds will be treated as abandoned. *Kent* v. *State,* 36 *Ga. App.* 209 (1).

1. The 1st special ground of the motion is as follows: "Be-

cause the court erroneously misstated the contention of the defendant as follows: · (a) 'The defense is that he was justified in cutting that man as he lay on the ground.' (b) Because the foregoing extract was argumentative." This ground is too general to present any question for determination by this court. To determine whether or not the court erred in misstating the contentions of the defendant would require reference to other parts of the record. This court is not required to look beyond the ground itself to learn the facts or to ascertain error. *Nissenbaum* v. *State*, 38 *Ga. App* 253 (2) (143 S. E. 776); *Miles* v. *Foy*, 38 *Ga. App.* 473 (2, 4) (144 S. E. 802); *Ga. Ry. & Power Co.* v. *Bone*, 39 *Ga. App.* 454 (1) (147 S. E. 413), and cases cited. That portion of this ground which alleges that the charge was argumentative is also too general to be considered, because it fails to allege wherein it is argumentative. *Hill* v. *State*, 39 *Ga. App.* 699 (1) (148 S. E. 282), and cases cited. See *Riddle* v. *Sheppard*, 119 *Ga.* 930 (3) (47 S. E. 201).

2. The other ground argued alleges error "because the court unduly stressed the contention of the State and minimized the contention of the defendant," in that portion of the charge which is set out in the ground. This ground is also incomplete. See cases cited in preceding paragraph. It does not point out wherein the charge unduly stressed the contention of the State and minimized the contentions of the defendant. See *Seaboard Air-Line Ry.* v. *Randolph*, 136 *Ga.* 505 (5) (71 S. E. 887); *Tarver* v. *Deppen*, 132 *Ga.* 798 (4) (65 S. E. 177, 24 L. R. A. (N. S.) 1161); *Parks* v. *State*, 24 *Ga. App.* 243 (1) (100 S. E. 724).

3. There is ample evidence to support the verdict, which has the approval of the judge who tried the case, and no error was committed when the motion for a new trial was overruled.

*Judgment affirmed.* *Broyles, C. J., and Luke, J., concur.*