24137. DIXON v. THE STATE.

DECIDED JULY 20, 1934.

*Leatherwood & McWaters,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

GUERRY, J. The defendant, Willie Dixon, was convicted of the offense of assault with intent to murder. Only the general grounds of the motion for a new trial are urged. It is contended in the brief that the evidence fails to show a specific intent to kill, and that, having alleged in the indictment that the weapon used,—a pistol, —was a weapon likely to produce death, and the evidence failing to substantiate this allegation, no witness having sworn that it was such a weapon and the pistol itself not being introduced in evidence, the verdict is not supported by the evidence and a new trial is demanded. The State produced evidence at the trial that was amply sufficient for the jury to determine that a specific intent to kill was shown. The evidence disclosed that the defendant, after having told the prosecutor that he would kill him, shot him with a pistol. The ball went through the prosecutor's forearm and entered and lodged in the small of his back. No witness swore that the pistol was a weapon likely to produce death, nor was the pistol introduced in evidence. It becomes pertinent to inquire what evidence is necessary to show that the weapon used is a weapon of the character charged in the indictment, this fact being an essential element of the State's case. In *Paschal* v. *State,* 125 *Ga.*.279 (54 S. E. 172), it was said: "Under the indictment it was necessary to prove that the knife with which the assault was made was a weapon likely to produce death. This allegation might have been established by direct proof as to the character of the weapon, by an exhibition of it to the jury, *or by evidence as to the nature of the wound, or other evidence such as would warrant the jury to find the instru-*

*ment was one calculated to produce death.* Mathews v. State, 104 Ga. 497 (30 S. E. 727) ; Paschal v. State, 68 Ga. 818. *But it is essential to show either by direct or circumstantial evidence that) the weapon was of the kind alleged in the indictment."* (Italics ours.) It is an old adage that "Actions speak louder than words." The Scripture also has it: "By their fruits ye shall know them." It is undisputed that a pistol was used in this case, and, while it was not introduced in evidence for inspection by the jury, the evidence disclosed that it *actually shot a bullet* and was therefore not a toy pistol, and that the bullet so fired from the pistol penetrated through the forearm and into the small of the back of the prosecutor where it lodged. *The wound was exhibited to the jury.* In Paschal v. State, 68 Ga. 818, it was said: "Where an indictment charged the commission of an assault with intent to commit murder by using a weapon likely to produce death, the proof must show that such was the character of the weapon. This may be done by producing the instrument itself, *or showing the effect of it, or other satisfactory evidence,* but must be done in some way. Code 4359; Turner v. State, 57 Ga. 107; Tatum v. State, 59 Ga. 639; Monday v. State, 32 Ga. 672 [79 Am. D. 314] ; Fulford v. State, 50 Ga. 591." (Italics ours.) In Tyre v. State, 112 Ga. 224 (37 S. E. 374), we find the following: "Moreover, the evidence showed satisfactorily enough that the pistol used by Tyre was in fact a weapon likely to produce death. The bullets discharged from it 'stuck in' the wood-work of the house; and every man of common sense knows that with a weapon capable of producing such results a human being could be easily killed if wounded in a vital part by a bullet discharged therefrom." See also Smith v. State, 36 Ga. App. 643 (137 S. E. 794) ; Coney v. State, 101 Ga. 582 (28 S. E. 918). Consequently, in the present case we think that the evidence to the effect that the pistol used discharged a bullet that penetrated the forearm of the prosecutor and entered into his side, lodging in his back, was sufficient to authorize the jury to find that such weapon was one likely to produce death when used in the manner in which it was used.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*