29588.  EVANS *v.* THE STATE.

DECIDED OCTOBER 29, 1942.

*J. W. Dennard,* for plaintiff in error.
*Harvey L. Jay, solicitor-general,* contra.

MACINTYRE, J.  Mandy Mae Evans was convicted of assault with intent to murder. She filed a motion for new trial which was overruled and she excepted. The general grounds are abandoned. Error is assigned on six special grounds.

1. In the first special ground the defendant contends that "the court erred in failing to charge the jury the law of simple

assault." The court charged the law of assault with intent to murder and the law of shooting at another. There was no evidence to warrant the giving in charge of the law of assault. "The Court need give in charge to the jury only that portion of the law of homicide made applicable by the facts to the case." *Farris* v. *State*, 35 *Ga.* 241 (2); *Robinson* v. *State*, 84 *Ga.* 674, 680 (11 S. E. 544).

2. In ground 2 the defendant contends "that a new trial should be granted her for the reason that the evidence fails to disclose that the weapon used by the defendant was one likely to produce death." The evidence was to the effect that the defendant shot the prosecutor with a "thirty-two special" pistol, and the record discloses that the prosecutor exhibited to the jury the scar left by the bullet wound. The pistol was not introduced in evidence and there was no testimony that it was a weapon likely to produce death. In *Dixon* v. *State*, 49 *Ga. App.* 376 (175 S. E. 603), which is very similar to the instant case on this point, Judge Guerry, speaking for the court said: "It is undisputed that a pistol was used in this case, and, while it was not introduced in evidence for inspection by the jury, the evidence disclosed that it *actually shot a bullet* and was therefore not a toy pistol, and that the bullet so fired from the pistol penetrated through the forearm and into the small of the back of the prosecutor where it lodged. *The wound was exhibited to the jury.*" It was held that the jury were authorized to find that such a pistol, in the manner in which it was used, was one likely to produce death, without the pistol being exhibited or testified about. Applying the principle laid down in the *Dixon* case to the facts of the instant case we think the evidence was sufficient to prove that the weapon used was one likely to produce death. The ground is without merit.

3. In ground 3 "movant contends that a new trial should be granted her for the reason that the court, in his charge to the jury, unduly stressed the contentions of the State and minimized the contentions of the defendant." In ground 4 the "movant contends that the court, in his charge to the jury, did not stress the several contentions of the defendant, to wit: self-defense, accident, lack of criminal intent, with the same degree and force as he stressed the several contentions of the State." In *Webb* v.

*State,* 8 *Ga. App.* 430 (4) (69 S. E. 601), the court held: "Exceptions which merely assign error, without specifically pointing out the error complained of, can not be considered." In neither of these grounds does the defendant set out the portions of the charge to which she excepts, with the result that her assignments of error are too general and indefinite to be considered. See also in this connection *Blockam* v. *Few,* 17 *Ga. App.* 440 (87 S. E. 607); *Williams* v. *State,* 124 *Ga.* 782 (53 S. E. 98); *Cunningham* v. *State,* 41 *Ga. App.* 290 (152 S. E. 596); *Adams* v. *State,* 125 *Ga.* 11 (5) (53 S. E. 804).

4. Ground 5 is that "movant contends that the court erred in failing to charge the jury the law of accident and misadvertence." Movant bases her contentions in this ground on *Conoly* v. *State,* 10 *Ga. App.* 822 (74 S. E. 285), in which the court ruled: "The defense of misadventure or accident being directly involved under the evidence, it was error to fail to instruct the jury upon this theory of defense, even without a written request." In no place in the evidence in the instant case is it shown that the shooting was by accident or misadvertence. The only part of the record from which such an inference could have been drawn was the defendant's statement. Thus, the instant case differs from the *Conoly* case in that here the inference was in the defendant's statement and not in the evidence. There was no request to charge the law of accident and misadventure, and we think the following is applicable: "The court is not required to charge upon a theory of defense arising solely from the statement of the accused, in the absence of a timely written request so to charge." *Lott* v. *State,* 18 *Ga. App.* 747 (2) (90 S. E. 727).

5. Ground 6: The court in its general charge having given the law in relation to the defendant's various theories and contentions, as appears from the charge set forth in the record, when slight inaccuracies of expression in the portion of the latter part of the charge excepted to are taken in connection with the entire charge the defendant could not have been injured by them under the law and the evidence applicable thereto. *Moses* v. *State,* 60 *Ga.* 138; *Winder* v. *State,* 18 *Ga. App.* 67 (88 S. E. 1003); *Savannah, Augusta & Northern Ry. Co.* v. *Williams,* supra.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*