## 33874.   BAGLEY *v.* THE STATE.

Decided March 8, 1952.

*Stapleton & Williford,* for plaintiff in error.

*Howard B. Payne, Solicitor,* contra.

Townsend, J. (After stating the foregoing facts.) ■ When a theory of defense rests solely on the statement of the accused, it is well settled that, in the absence of an appropriate written request to that effect, it is not reversible error to fail to charge such theory to the jury. *Richards* v. *State,* 114 *Ga.* 834 (1) (40 S. E. 1001); *Evans* v. *State,* 68 *Ga. App.* 207 (4) (22 S. E. 2d, 618). And where two theories are presented solely by the defendant's statement, the fact that the trial court charges the law relative to one and ignores the other is not error. *Smith* v. *State,* 117 *Ga.* 259 (43 S. E. 703). Where, however, the substantial defense upon which the defendant relies, as appears from his statement, is corroborated by evidence introduced to sustain it, it is error for the trial court to fail to call the atten-

tion of the jury to that defense, whether so requested or not. *Reed* v. *State*, 15 *Ga. App.* 435 (83 S. E. 674). See also *Conoly* v. *State*, 10 *Ga. App.* 822 (74 S. E. 285); *Parker* v. *State*, 24 *Ga. App.* 267 (100 S. E. 452); *Duggan* v. *State*, 3 *Ga. App.* 332 (59 S. E. 846).

In his special ground of the amended motion for a new trial, the defendant contends that the main and only defense upon which he relied was that of self-defense, in that it was his contention that, after the exchange of words between himself and the prosecutor, the latter advanced toward him in a threatening and angry manner with his hand in his pocket, whereupon the defendant—who stated that upon a former occasion when he had not resisted an assailant under like circumstances he had been knifed in the neck—assumed that the prosecutor was preparing to draw a weapon as he advanced on him and for that reason struck him one time. This explanation itself, being contained entirely in the defendant's statement, would not have made it mandatory to charge on self-defense, although it is always the better practice to inform the jury of all pertinent rules of law in order that they may make a just and legal determination of the case, since the jury may, if it wishes, believe the defendant's statement in preference to the sworn testimony of the case. The jury should therefore be informed of the rules of law governing under a situation as presented by the defendant's statement, in case it chooses to believe it. In the instant case, it is contended by the State that the testimony of the defendant's witnesses is not strong enough to warrant its consideration as corroboration of the defendant's statement. Whether or not it is sufficiently positive to place in the minds of the jurors a reasonable doubt as to the defendant's guilt in the absence of any explanation of his actions, we are not called upon to decide, for the defendant offered a well-reasoned explanation of his conduct and all the circumstances of the case indicated that he had never before seen the prosecutor and knew nothing about him, and that he was not angry at the time the prosecutor entered the room, but was engaged in a peaceable conversation with Ashworth. The witness Lovinggood testified that Edwards "moved toward" Bagley, and that Edwards "talked like he was mad when he came into the chief's office." Fortson testified that "Chief

Bagley said it was none of his damn business and Edwards replied he reckoned it was some of his damn business, and stepped toward Chief Bagley and Chief Bagley hit him." The corroborative testimony thus includes every physical fact stated by the defendant except the allegation that the prosecutor, when he moved toward him, had his hand in his pocket, and the defendant's statement enlarges upon this only to the extent of interpreting the prosecutor's actions as they appeared to him. Under these circumstances it cannot be said that the theory of the defense as presented by the defendant's statement was without corroboration. It follows, therefore, that the trial judge erred in failing to charge the law as to self-defense, for which reason a new trial must be granted.

■ It is further contended in the brief of counsel, in underlining the error discussed in the previous division of this opinion, that the charge which was given by the court based on Code § 26-1409, relating to the use of opprobrious words or abusive language by the prosecutor as being under certain circumstances justification for an assault, was not a proper charge, in that, under the decision of *Folds* v. *State*, 23 *Ga. App.* 147 (97 S. E. 872), if the defendant first used the opprobrious words, it would be no justification that he struck the prosecutor for replying in kind. While the majority opinion in that decision appears to be a statement of the present law on this subject, the writer finds great merit in the dissenting opinion, and feels that the rule is not entirely inflexible, and that, under earlier Supreme Court decisions therein cited, as well as under the provisions of Code § 26-1409, the exchange of opprobrious words between two parties immediately leading to an assault would not under all circumstances bar the defendant from pleading justification. In any event, however, the charge on this subject in the present case was favorable to the accused and would not constitute reversible error.

As the case is to be tried again, the general grounds are not passed upon at this time.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*