## 34506. BRAWNER *v.* THE STATE.

DECIDED MARCH 11, 1953.

*Pittman & Greene,* for plaintiff in error.

*Erwin Mitchell, Solicitor-General, Beverly Langford, Asst. Attorney-General,* contra.

GARDNER, P. J. ■ The first ground of the amended motion assigns error on the following testimony of Frank Atwood, Sheriff of Bartow County: "I don't know which house Jim [defendant] slept in or ate in or lived in; I presume that he lived there [where the liquor was discovered]; that is from what other folks have said; that is the only way that any of us would know, is what we hear." The defendant's counsel objected on the ground that such testimony was hearsay. The court overruled this objection, and the solicitor asked the sheriff, "Do you know what the reputation in the community was as to where Jim Brawner lived?" The sheriff replied that he did, and stated, "His reputation in the community was that he lived there." Counsel for the defendant renewed his objection, stating, "That is exactly what we are objecting to." The court said, "I overrule the objection, go ahead with the trial."

The defendant was charged with, and being tried for, illegal possession of whisky. The whisky was found in the stovewood box in the house in question. The defendant, his wife, and another person were there at the time. There was a store connected with the house. The defendant was in the store, and the two women were in the house part of the building. The evidence is not clear and not without some dispute as to whether the defendant actually resided in this house. It was contended that he and his wife lived and slept in·another house, and that this house where the liquor was belonged to another, and that the defendant's former wife kept some of her belongings therein.

748

In *Burke* v. *State*, 54 *Ga. App.* 225 (187 S. E. 614), cited by the defendant, this court ruled: "Evidence that a place where whisky is found has the 'reputation' of belonging to the defendant on trial for illegally possessing said whisky is hearsay and inadmissible in evidence, and is without probative value when admitted without objection."

It is true that the husband is the head of the family, and that whisky found in the home where the defendant and his wife reside is presumed to belong to the husband and he may be convicted of its possession. *Young* v. *State*, 22 *Ga. App.* 111 (95 S. E. 478); *Dailey* v. *State*, 58 *Ga. App.* 401 (198 S. E. 791). However, in the instant case, there was evidence that the husband and his wife lived and slept in another house, and not in the house where the whisky was found. In these circumstances, such hearsay testimony was harmful, and a new trial is required.

■ In the second ground of the amendment to the motion for new trial, the defendant contends that the court erred in failing to charge, even though not requested, his sole defense, which was that he had no knowledge that the whisky was there, and that he did not live in the house where it was found when it was found therein. There was evidence, apart from the defendant's statement, from which the jury could have found in favor of this defense. In such circumstances, the court should have charged this contention of the defendant. "While it is well settled that, when a theory of defense rests solely on the statement of the defendant in a criminal trial, it is not reversible error for the trial court to fail, in the absence of appropriate written request, to give such theory in charge to the jury—it is nevertheless reversible error to fail to give in charge to the jury a theory of substantial defense which appears from the statement of the defendant and is corroborated by testimony introduced to sustain it, even though such a charge is not requested." *Bagley* v. *State*, 85 *Ga. App.* 570 (69 S. E. 2d 799). The jury would have been authorized to find apart from the defendant's statement, that he did not live or sleep in the house in which the whisky was found, which was the house belonging to Robert Brawner.

■ In the third amended ground the defendant assigns this

charge as error: "I charge you, gentlemen, that in Georgia, the husband is the head of the house, and is presumed to be the owner of any goods found in the house, including any illegal liquor. This presumption, of course, is rebuttable." This was an accurate statement of the law, and the contention of the defendant that it was not authorized under the evidence and was inapplicable is not well taken. The court did not err in so instructing the jury.

■ The defendant contends in the fourth amended ground that the court erred in charging the jury: "There are no accessories in misdemeanor, and one who aids or abets another in the commission of a misdemeanor is a principal defendant, and may be indicted and convicted as the perpetrator of the crime. In misdemeanors all who aid and abet in the commission of an offense, as well as those who immedaitely perpetrate it, are principals. If Ethel Brawner was at the time in the possession of the liquor alleged to have been found by the officers, and if Jim Brawner was present at the time, aiding and abetting in the commission of that crime, if Ethel was guilty, then Jim would likewise be guilty. Of course, if she was not guilty, he would not be guilty."

The defendant was in the store connected to this house when the officers raided and found the whisky in the woodbox in the house, and his wife and another woman were in the house, not the store. The store was a part of the house, and if the defendant and his wife lived in the house, the presence of the defendant in the store part was tantamount to presence in the house part, under the facts of this case. While the defendant would be guilty, if guilty, under the principle that he was the head of the home and the whisky was found in his home, and the presumption was that the same belonged to him, rather than under the above principle of aiding and abetting his wife, such charge is substantially correct and shows no reversible error. The true and real contention in the case at bar was whether the defendant lived in the house in which the whisky was found.

As a new trial is granted, the sufficiency of the evidence is not passed upon, except to state that the evidence did not demand a verdict that the defendant was guilty. The court erred in overruling his amended motion for new trial.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*