## HOLLAND v. THE STATE.

*Atkinson, J.*—1. Even though no witness may have specifically described a weapon, with which a battery was alleged to have been committed, as being a "deadly weapon," yet where the evidence, upon the trial of a case of assault and battery, shows that such a weapon was in fact used, and was used in such a manner as was likely to produce death, a general instruction to the effect that provocation by words alone would not justify the use of deadly weapons in the infliction of a battery, construed in the light of the facts as they actually appeared, was not so far unwarranted as to require the granting of a new trial; especially where it further appeared that the court also gave in charge to the jury the provisions of section 4694 of the code.

2. Under that section, opprobrious words may justify simple assault, or assault and battery, but will not justify an attack with a deadly weapon, used in a manner likely to produce death. *Butler* v. *The State,* 92 *Ga.* 605. This being so, though the charge of the court was not, in all respects, technically accurate, nor expressed in appropriate terms, yet as the evidence was such· as that no verdict other than that of guilty could have been legally rendered, the discretion of the trial judge in refusing a new trial will not be controlled.

October 21, 1895.                              *Judgment affirmed.*

Indictment for assault and battery. Before Judge Kimsey. Hall superior court. July term, 1895.

The defendant was white; the prosecutor colored. He had done some work for the defendant, who, on being applied to for the pay, said that the work had not been done as he directed and that he ought not to pay for it. Prosecutor said, "If you put a rat or a mouse in a box or a barrel, and there is a hole in it, he will try to get out." According to the testimony for defendant, the prosecutor added, that defendant was trying to get out of paying him; and on being ordered to leave, said that defendant was no gentleman; whereupon defendant struck him on the head with a pitchfork and knocked him senseless. The court charged the jury, that it was for them to say whether a weapon was used or not, and whether it was deadly; and that if the defendant used such a weapon, he would not be justified or

excused by the mere use of words. The court had previously given in charge section 4694 of the code, and instructed that all assaults and batteries might be justified under that section, except as to a deadly weapon.

*Fletcher. M. Johnson*, for plaintiff in error.
*Howard Thompson, solicitor-general*, contra.