## GAY *v.* THE STATE.

1. While a judge is not bound to give in charge to the jury any proposition of law which has no foundation except the statement of the accused, he may, if he sees proper so to do, base an instruction on the statement.
2. Under the sworn testimony in this case a verdict of murder would have been well warranted. The statement of the accused authorized a charge on the law of voluntary manslaughter, but not on the law of involuntary manslaughter.

Argued July 16, — Decided August 7, 1900.

Indictment for murder. Before Judge Evans. Emanuel superior court. April term, 1900.

*F. H. Saffold,* for plaintiff in error.
*B. T. Rawlings, solicitor-general,* contra.

COBB, J. The accused was tried on an indictment charging him with the offense of murder, and the jury returned a ver-

dict finding him guilty of voluntary manslaughter. The case is here upon a bill of exceptions assigning error upon the refusal of the judge to grant a motion for a new trial which had been filed by the accused.

1. "It is well settled that, in the absence of a proper and pertinent written request for instructions thereon, the court is not bound to give in charge the law of a theory of the case arising solely from the statement of the accused." *Hardin* v. *State*, 107 *Ga.* 718, and cases cited. While the judge is not bound to charge the law applicable to a theory of the case derived solely from the prisoner's statement, he has a right to do so. It is the duty of the judge to give to the jury appropriate instructions on every theory of the case presented by the evidence, and it is the best practice to give such instructions on every phase of the case presented by the prisoner's statement, though, as above stated, the failure to do so, in the absence of a proper request, will not be held to be error. While instructions on a theory of the case as derived from the statement are not required by strict law, few cases, if any, can arise where such instructions would not be dictated by every sense of justice and fairness. A careful examination of the prisoner's statement in the present case satisfies us that, if the jury credited the same, a verdict for voluntary manslaughter was authorized. It was not erroneous, therefore, for the judge to give in charge to the jury the law relating to this offense. This is true notwithstanding counsel for the accused not only did not request the law of voluntary manslaughter to be given in charge, but strenuously contended that there was nothing in the statement to authorize such charge. It is the duty of the judge to instruct the jury on the law applicable to the evidence in the case. It is the right of the judge to charge the jury in criminal cases on the law applicable to the facts set forth in the prisoner's statement. A contention of counsel on the evidence that is not well founded will not prevent the judge from giving in charge to the jury the law applicable to the evidence as it really is. Neither will an erroneous contention of counsel as to the theory presented by the statement of the accused deprive the court of the right, if he desires to exercise it, of giving in charge to the jury the theory actually presented by the state-

ment.   Under the statement of the accused in the present case, as above indicated, the law of voluntary manslaughter was applicable, and the judge did not err in charging the jury on that subject, notwithstanding that during the progress of the trial the court had asked counsel for the accused whether the law on that subject was involved in the case, and counsel had replied "that the same was not involved."

2. The evidence for the State would have well warranted a finding that the accused was guilty of a willful, deliberate, and cruel murder.   The deceased was a negro, and, according to the testimony for the State, was pursued into the very home of his employer and shot almost in sight of a female member of the latter's family.   If the testimony for the prosecution is to be credited, and we believe it to be the truth of the case, the homicide was not only unjustifiable but was not attended with any extenuating circumstances.   The statement of the accused would not, under any view of it, have authorized an acquittal, and to say the most of it, contained a version of the transaction which was unreasonable and improbable; but, in one view of it, does present a state of facts which would authorize a finding that the offense committed by the accused was that for which he was convicted.   The jury having taken this view of the case, we will not interfere with the decision of the judge in refusing to grant a new trial.   In no view of the case was the law of involuntary manslaughter involved, and the judge committed no error in failing to charge the law on this branch of homicide.   There was no error requiring the granting of a new trial.     *Judgment affirmed.    All the Justices concurring.*