## Mathews v. The State.

Lumpkin, J. 1. That which is perfectly justifiable on the part of a person who is shot at can not be any legal provocation to the person shooting, on a trial for shooting at another not in his own defense or under circumstances of justification.      Lingo v. State, 29 Ga. 470; Roach v. State, 34 Ga. 84.

2. Where there was evidence tending to show that the prosecutor and the accused had a difficulty in which the former struck the latter; that shortly afterwards the accused was hunting for the prosecutor and threatening to kill him, which fact was communicated to the prosecutor, and·in the difficulty which ensued each shot at the other, each claiming that the other shot first; and where, after considering the case for a time, the jury, through its foreman, inquired of the court if the ac-· cused would have a right to shoot at the prosecutor if the latter had first shot at him, although he was hunting for the prosecutor, it was too general an instruction, in reply to this, for the court to inform the jury that if the accused, by his own unlawful conduct, brought about a condition which, in the· opinion of the jury, would have given the prosecutor the right to defend himself, then the defendant could not profit by that and excuse his wrongful act in shooting at the prosecutor; and that if the accused, without fault on his part, was assaulted with a pistol by the prosecutor, under circumstances which, in the opinion of the jury, made the defendant's conduct self-defense, he should be acquitted; or if he acted under the fears of a reasonable man, or if the jury had a doubt whether he acted under the fears of a reasonable man, he should be acquitted. Such a charge substantially left the entire question of the right on the part of the prosecutor to defend himself to the opinion of the jury, and also placed upon the accused the burden of being without fault.

3. Under such circumstances the court should have instructed the jury as to the rules of law bearing on whether the prosecutor would have been authorized to use a deadly weapon in self-defense, and not have left the condition which would justify such use simply to the opinion of the jury.

4. The charge suggested in Butler v. State, 92 Ga. 601, is not strictly applicable to the present case; because opprobrious words may justify a simple assault, or an assault and battery, but will not justify an attack with a deadly weapon made in a manner likely to produce death.

Judgment reversed.    All the Justices concur.

Argued February 19,—Decided March 23, 1906.

Indictment for shooting at another.    Before Judge Hammond. Richmond superior court.    December 18, 1905.

A. L. Franklin, for plaintiff in error.

J. S. Reynolds, solicitor-general, contra.