### 19475. SUTTON v. THE STATE.

DUCKWORTH, Chief Justice. J. L. Sutton, Jr., was indicted, tried, and convicted of murder with the jury recommending mercy. He subsequently filed a motion for new trial, which was later amended and, after a hearing, denied. A brief summary of the evidence shows that he shot and killed his brother-in-law, after an argument over the driving of the deceased while intoxicated, after they had returned to the home of the accused, where the deceased was living with the accused and his wife, and after he had been requested to move. Officers testified that the accused made several admissions which were, in substance, that he shot the deceased when the deceased advanced on him with a knife. The unsworn statement of the accused was to the effect that the deceased advanced on him with a knife and he shot him in self-defense. *Held:*

1. The first special ground complains of an excerpt from the charge in which the court instructed the jury as to its duty to reconcile the evidence if in conflict, or with the defendant's statement if in conflict therewith; and if this could not be done, it was the duty of the jury to believe the witness or witnesses most worthy of belief, and that the jurors were the sole and exclusive judges of what witnesses they would believe or disbelieve, and what credit or discredit they would give to the testimony, and what weight and credit and force they would give to the statement of the defendant. Previously to this excerpt the court had amply charged the jury as to the right of the defendant to make an unsworn statement, the weight and credit the jury might give this statement, and that it might be believed in preference to the sworn testimony in the case. The complaint and the excerpt complained of are similar to those considered in *Sims* v. *State,* 177 *Ga.* 266 (5) (170 S. E. 58), and *Smith* v. *State,* 179 *Ga.* 791 (2) (177 S. E. 711); and when considered in the light of the entire charge the excerpt was not harmful to the accused nor did it minimize or disparage or tend to influence the jury to disregard the defendant's statement and believe the testimony and reject the statement, and this ground is without merit. See also *Emmett* v. *State,* 195 *Ga.* 517 (4) (25 S. E. 2d 9).

2. Both the evidence and the defendant's unsworn statement being such that the killing could only be murder or justifiable homicide, the court

674

did not err in failing to charge on the law of manslaughter, and special grounds 2, 3, and 4, complaining of the court's failure to charge on certain phases of manslaughter, without request, are without merit.

3. The evidence was sufficient to support the verdict, and the general grounds are without merit. The court did not err in denying the motion for new trial as amended.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., not participating.*

SUBMITTED SEPTEMBER 11, 1956—DECIDED OCTOBER 9, 1956—REHEARING DENIED OCTOBER 29, 1956.

*Irwin R. Kimzey, James G. Hampton, Kimzey & Kimzey,* for plaintiff in error.

*Jeff C. Wayne, Solicitor-General, Sidney O. Smith, Jr., Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.