## 19600.   DOMINGO *v.* THE STATE.

CANDLER, Justice.   Leon I. Domingo was indicted in Muscogee County during 1954 for the murder of Harold Stewart. He has been thrice convicted of that offense and each time sentenced to be electrocuted. His first two convictions were reversed because of errors in the court's instructions to the jury. See *Domingo* v. *State*, 211 *Ga.* 691 (88 S. E. 2d 1); and s. c., 212 *Ga.* 342 (92 S. E. 2d 520). On his third conviction he moved for a new trial on the usual general grounds, and amended his motion by adding 4 special grounds. He was denied a new trial, and the exception is to that judgment. *Held:*

1. The general grounds and special ground 3, which alleges that the court erred in failing to charge on voluntary manslaughter as defined by Code § 26-1007, have been expressly abandoned in the brief of counsel for the plaintiff in error. Hence the questions raised by those grounds will not be considered.

2. Special ground 1 of the motion for new trial alleges that the trial judge committed reversible error in giving the following instruction: "I charge you, gentlemen, the defendant is accused of the crime of murder and he says that he is not guilty of that offense, and he claims that on this occasion there were several parties whom he thought had banded together for the purpose of harming and injuring him, and I charge you this to be the law . . . . If two or more persons are acting together to accomplish a common object or purpose, the act of

one of the parties is the act of all of them. If two or more persons so acting together unlawfully assault or attack another, the person assaulted or attacked can defend himself against either or all of such persons so unlawfully assaulting or attacking him." Movant contends that this portion of the charge was erroneous, prejudicial, and injurious to him because, (1) it was not authorized by the evidence, and may well have been misleading and confusing to the jury; (2) it amounted to a statement by the judge that the defendant was in fact attacked by persons acting together, when the evidence showed that only the deceased made an attack on the accused at the time of the shooting, and by it the jury may have been led to believe that the accused could only have defended himself when attacked by several persons while acting together; and (3) it placed a greater burden on the accused than the law required him to carry, "in that it required movant to believe that he was being attacked by parties other than the deceased before he could kill in self-defense." It is conceded in the brief for the plaintiff in error that the portion of the charge complained of is an abstractly correct principle of law and would not have been erroneous had it been authorized by evidence. On this trial the defendant offered no evidence, and it is true that the State introduced no testimony showing or tending to show that the deceased and his two fellow-officers made any unlawful assault or attack on the accused; but the charge as given was fully authorized by the defendant's statement to the jury. Hence, this ground of the motion is without merit. See *Gay* v. *State,* 111 *Ga.* 648, 649 (36 S. E. 857), where it was unanimously held: "It is the right of the judge to charge the jury in criminal cases on the law applicable to the facts set forth in the prisoner's statement."

3. The judge, immediately after giving a full and correct charge on the law of justifiable homicide, about which there is no complaint, further instructed the jury: "I charge you, gentlemen, one can derive no benefit from the principle of self-defense if it appears that he himself provoked the difficulty and himself created the necessity to defend himself." Special ground 2 complains of the quoted excerpt, but the criticism of it is not meritorious. It is well settled in this jurisdiction that one cannot create an emergency which renders it necessary for another to defend himself, and then take advantage of the effort of such other person to do so. *Hayden* v. *State,* 199 *Ga.*

11 (33 S. E. 2d 258); *Daniel* v. *State*, 187 *Ga.* 411 (1 S. E. 2d 6), and the several cases there cited. If the judge, after giving his charge on the law of justifiable homicide, had further instructed the jury "that the accused can derive no benefit from the principle of self-defense if it appears that he himself provoked the difficulty," such a charge would have been erroneous for the reasons stated in *Boatwright* v. *State*, 89 *Ga.* 140 (15 S. E. 21), *Butler* v. *State*, 92 *Ga.* 601 (5) (19 S. E. 51), *Fussell* v. *State*, 94 *Ga.* 78 (19 S. E. 891), and *Smarrs* v. *State*, 131 *Ga.* 21 (61 S. E. 914), which are cited and relied on by the plaintiff in error. But this court has repeatedly held that it is not erroneous to charge the jury that one cannot by his own act or conduct create a necessity for another to defend himself, and then justify himself in killing the party who attempts to defend himself against the necessity of the defendant's own creation. See *Price* v. *State*, 137 *Ga.* 71 (72 S. E. 908), and citations. The excerpt here complained of amounts to an instruction that, if it appears from the evidence that the defendant provoked the difficulty *and* created a necessity for the deceased to defend himself, then the accused could under such circumstances derive no benefit from the principle of self-defense. On this trial of the defendant, the State's evidence was in all material respects substantially the same as it was on his two former trials; and on the first review of his case (211 *Ga.* 691), Mr. Justice Almand, who delivered the opinion for the court, fully summarized the evidence in his statement of the facts, and it will not be repeated here. It is sufficient to say that it fully authorized the jury to find that the accused provoked the difficulty and brought about the emergency which, as he contends, afforded him a justification for the homicide.

4. On the trial presently being reviewed, Ann Lowe testified as a witness for the State; and during his argument to the jury Joseph S. Ray, of counsel for the State, made the statement that she had on a former trial of the accused testified as a witness for him. The defendant moved for a mistrial on the ground that Mr. Ray's remark to the jury was not authorized by any evidence introduced on the trial, and was for that reason improper and prejudicial. Touching the motion, the record shows: Mr. Ray: "If Your Honor please, that is my recollection of the testimony. If that is not the testimony by the witness, Ann Lowe, then I withdraw my remarks." Mr.

Owens, of counsel for the accused: "Well, we want to know one way or another what his position is, whether he withdraws them or not." The Court, speaking to the jury: "Gentlemen, lawyers cannot give evidence; they can make arguments, but they cannot give evidence, and any statement that Mr. Ray has made on his own behalf, you will discard that. He can indulge in argument, but not statement of fact not authorized by the evidence. Proceed with your argument." Mr. Owens: "We respectfully except to your ruling, Your Honor." The Court: "Mr. Ray, don't misquote the evidence and don't make any prejudicial statement to the jury. It was wrong for you to do that, and proceed with your argument now in order. Go ahead." Special ground 4 of the motion for new trial alleges that it was erroneous for the court to deny the defendant's motion for a mistrial. This ground of the motion is without merit. There are two types of improper remarks which a prosecuting officer can make, to wit: first, those which are so inflammatory and prejudicial that their injurious effect cannot possibly be eradicated by the court; and second, those which can be corrected and their injurious effect removed by proper action of the trial judge. *Hicks* v. *State,* 196 *Ga.* 671 (27 S. E. 2d 307), and cases there cited. Remarks of the first type require a mistrial where there is a motion by the accused therefor. As to the second type, the trial judge, in passing on a motion for mistrial, is vested with a broad and sound discretion, and his ruling will not be controlled by this court unless he has manifestly abused his discretion. Code § 81-1009; *Smith* v. *State,* 204 *Ga.* 184, 188 (2) (48 S. E. 2d 860) ; *Parks* v. *State,* 208 *Ga.* 508 (2) (67 S. E. 2d 716). The remark or argument here complained of is of the second type, and in view of the corrective action taken by the trial judge, we cannot say that he manifestly abused his discretion in refusing to grant the defendant's motion for a mistrial.

5. The judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 15, 1957—DECIDED FEBRUARY 11, 1957.

J. *Walter Owens, Owen G. Roberts, Jr.,* for plaintiff in error.
*John H. Land, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.