### 19757. GOLDEN *v.* THE STATE.

DUCKWORTH, Chief Justice. William Golden was indicted, tried, and convicted of murder, without a recommendation of mercy, in Chatham Superior Court. In substance, both the evidence and the defendant's statement show that he shot and killed a drug-store proprietor during an attempted robbery by the accused and an accomplice. The accused admitted the shooting, but claimed that the gun accidentally discharged. The motion for new trial as amended was denied, and the exception is to that judgment. *Held:*

1. The jury having returned a verdict of guilty of murder without a recommendation of mercy, whether or not the court erred in failing to charge on the punishment for the crime of involuntary manslaughter, the court having charged on its definition, need not be determined in view of the verdict. *Russell v. State,* 196 *Ga.* 275 (4) (26 S. E. 2d 528).

2. Evidence as to a previous trial of this case, which was injected by a witness, who started to answer as to what happened "on the stand on the previous trial," having been promptly objected to and the witness not allowed to continue, and the jury instructed to disregard any reference to a previous trial, the court did not err in denying the motion for mistrial since no harm to the defendant is shown.

3. The court did not err in refusing to allow the defense attorney to argue to the jury the rules and regulations of the State Board of Pardons and Paroles, that the accused can not make application for parole until he has served fifteen years. Ga. L. 1955, pp. 191, 192.

4. Both the defendant's statement and the evidence authorized the charge on conspiracy to commit a crime, and there is no

■

merit in the contentions of the defendant that the charge was harmful and prejudicial. See *Gay* v. *State*, 111 *Ga.* 648 (1) (36 S. E. 857); *Domingo* v. *State*, 213 *Ga.* 24 (2) (96 S. E. 2d 896).

5. Complaint is made, in the 5th special ground, as to the court's refusal to accept a guilty plea when the case was called for trial, under the authority of Georgia Laws 1956, p. 737, which states that any person indicted for a capital felony may enter a plea of guilty. This can not be made a ground of a motion for new trial, since it did not enter into the trial of the case nor is it related to the verdict of the jury or to alleged errors of the court reflected in the jury's verdict. See *Turner* v. *Willingham*, 148 *Ga.* 274 (96 S. E. 565); *Page* v. *Brown*, 192 *Ga.* 398, 400 (15 S. E. 2d 506); *Cantrell* v. *Kaylor*, 203 *Ga.* 157 (45 S. E. 2d 646); *Adams* v. *Perry*, ante.

6. The evidence was sufficient to support the verdict, and the general grounds are without merit. For the foregoing reasons the motion for new trial as amended is without merit, and the court did not err in denying the same.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 8, 1957—DECIDED SEPTEMBER 6, 1957.

*James N. Rahal*, for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General, Sylvan A. Garfunkel, Thos. M. Johnson, Jr., Assistant Solicitors-General, Eugene Cook, Attorney-General, Rubye G. Jackson*, contra.