19989. GOLDEN *v.* BALKCOM, Warden.

HAWKINS, Justice. The plaintiff in error, William Golden, seeks review of a judgment of the City Court of Reidsville refusing to discharge him on a writ of habeas corpus from the custody

of the respondent warden, defendant in error, under sentence, from Chatham Superior Court, of death by electrocution for the offense of murder. The petition makes only one contention, and that is that the judge presiding at the murder trial in Chatham Superior Court, which resulted in the conviction of Golden, erroneously refused to permit him to enter a plea of guilty, and forthwith impose sentence, as provided by Ga. L. 1956, p. 737 (Code, Ann. § 27-2528), but instead required him to plead not guilty and stand trial by jury. At the habeas corpus hearing the court discharged the writ and remanded petitioner to the custody of the respondent, and the exception is to that judgment. *Held*:

A defendant may not assert his defense by piecemeal, nor will he be permitted to rest his chances for a new trial upon some of the errors alleged to have been committed upon the trial of his case, and after an affirmance of his conviction by this court (*Golden* v. *State*, 213 *Ga.* 481, 99 S. E. 2d 882), substitute the writ of habeas corpus to review an alleged assignment of error which might have been included in the final bill of exceptions sued out after the motion for new trial had been denied. *Wallace* v. *Foster*, 206 *Ga.* 561 (57 S. E. 2d 920); *Plocar* v. *Foster*, 211 *Ga.* 153 (84 S. E. 2d 360); *Blackstone* v. *Nelson*, 151 *Ga.* 706 (1) (108 S. E. 114). See also Georgia Procedure and Practice, by Leverett, Hall, Christopher, Davis and Shulman, pp. 541, 542, § 23-9. "A writ of habeas corpus can not be used as a substitute for appeal, writ of error, or other remedial procedure for the correction of errors or irregularities alleged to have been committed by a trial court" (*Shiflett* v. *Dobson*, 180 *Ga.* 23 (1), 177 S. E. 681); "nor can it be used as a second appeal or writ of error for such purpose." *Hodges* v. *Balkcom*, 209 *Ga.* 856 (3) (76 S. E. 2d 798). Accordingly, the trial court did not err in discharging the writ and in remanding petitioner to the custody of the respondent.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 10, 1958—DECIDED MARCH 7, 1958.

*James N. Rahal*, for plaintiff in error.

*Eugene Cook*, Attorney-General, *E. Freeman Leverett*, Assistant Attorney-General, *J. Max Cheney*, Deputy Assistant Attorney-General, contra.