## 21061. CLARK v. THE STATE.

HAWKINS, Justice. Amos R. Clark was convicted with a recommendation to mercy in Hall Superior Court of the murder of Willie Shope by shooting him with a pistol. To the judgment denying his motion for a new trial, containing the usual general grounds and four special grounds, he excepts. *Held:*

1. The general grounds of the motion for a new trial have been expressly abandoned.

2. Special ground 1 of the motion for a new trial assigns error on the following excerpt from the charge of the court: "Upon a consideration of the evidence in this case if you find there is a conflict in the testimony between the witnesses or a conflict between a witness or witnesses and the defendant's statement, if any, it is your duty to reconcile that conflict, if you can, without imputing perjury to any witness and without imputing a false statement to the defendant. If you cannot do that then it becomes your duty to believe that witness or those witnesses whom you think best entitled to belief, and in determining that, you may consider their interest or want of interest in the results of the case, their bias or prejudice, if any appears, the reasonableness or unreasonableness of the statements they have made, their familiarity with the facts about which they testified, their intelligence or lack of intelligence, and the personal credibility of the witness so far as the same may legitimately appear upon the trial of the case. But the jury are at last the sole and exclusive judges of what witnesses you will believe or disbelieve and what testimony you will credit or discredit and what weight, force and credit you will give to the statement which the defendant has made in his own behalf." It is contended that this charge was confusing and misleading; that it was not sound as an abstract principle of law; that it tended to and probably did confuse and mislead the jury into believing that, if there were an irreconcilable conflict between the testimony of the witnesses for the State and the defendant's statement to the jury, it was their duty to believe that witness or those witnesses it thought best entitled to belief and to disregard the defendant's statement.

The portion of the charge here complained of is incomplete, and taken from context. The court charged on general credibility, and on the defendant's statement, in connection with which it was said: "His statement was not under oath and he was not subject to cross-examination, and you are authorized to give to his statement just such weight and credit as you think it is entitled to receive. You may believe all of it or you may believe none of it. You may believe it in part and you may disbelieve it in part and, if you think it entitled to that

weight and credit, you may believe it in preference to the sworn testimony in the case." The charge embraced the principles of law as laid down in *Code* §§ 38-107 and 38-1805. As was held by this court in *Sutton v. State*, 212 Ga. 673 (95 S. E. 2d 1), "The complaint and the excerpt complained of are similar to those considered in *Sims v. State*, 177 Ga. 266 (5) (170 S. E. 58), and *Smith v. State*, 179 Ga. 791 (2) (177 S. E. 711); and when considered in the light of the entire charge, the excerpt was not harmful to the accused nor did it minimize or disparge or tend to influence the jury to disregard the defendant's statement and believe the testimony and reject the statement, and this ground is without merit. See also *Emmett v. State*, 195 Ga. 517 (4) (25 S. E. 2d 9)."

3. Special ground 2 assigns error on the following portion of the charge: "Now, I charge you . . . it has been one of the contentions in this trial that the deceased man was violating a court order. I charge you if a court order was passed in which the custody of children was awarded to the mother and if it provided that the husband, the deceased man, could see them on weekends or every other weekend, that would not prohibit him from seeing them or be a violation of that order if he saw them at that time if there was consent on the part of the mother of the children to whose custody they had been awarded. I charge you if he was there, unless he was going there contrary to the wishes or over the objections of the mother, that it would not be a violation of the court order." It is contended that this charge was not sound as an abstract principle of law; that it was confusing and misleading to the jury and highly prejudicial to the defendant; that the charge was argumentative, injected issues in the case that were not raised by the indictment and were not supported by any competent proof; that no court order was placed in evidence with reference to the right of the deceased to visit the wife of the defendant; that it tended to and probably did confuse and mislead the jury by injecting an issue of custody of minor children in the case, which was not raised either by the indictment or by any competent evidence, and probably influenced the jury to find against the defendant.

The charge was not argumentative, confusing, or misleading. One of the counsel for the defendant who participated in the

trial of the case, in cross-examining the State's witnesses, injected the custody award of children and visitation rights of the deceased, which was also referred to by the defendant himself in his statement to the jury, and therefore the portion of the charge here complained of was not error. *Gay v. State,* 111 Ga. 648, 649 (36 S. E. 857); *Domingo v. State,* 213 Ga. 24 (96 S. E. 2d 896).

4. The 3rd special ground of the motion for new trial complains of the following excerpt from the charge of the court: "I charge you, Gentlemen of the jury, in determining whether or not there was malice, express malice, or whether or not there was any malice, at the time the act that was done by the defendant in this case, if one was done, if he did shoot and kill the deceased, you may look to all the facts and circumstances of the case to determine whether or not there was malice at the time of or before the act was committed. You may look to the evidence and the defendant's statement and to all the evidence; you may look to see whether or not the defendant has made any statement concerning the deceased as to whether or not he had any trouble with him or anything of that kind, prior to that time. You may consider his going to the door, if he went there, or whether he was armed when he went. Look to the evidence of how he tried to effect entrance into the house, whether he went in without force or whether he used any force or not or whether or not he opened the door, whether or not he was armed at the time, whether or not he used a weapon, if he had one, immediately upon the door being opened. You may look to all the facts of the case to determine whether or not there was any attack about to be made on him by the deceased, as contended by the defendant or any force attempted by the deceased as contended by the defendant in the case." Movant contends that the charge as given is not sound as an abstract principle of law; that it was confusing, misleading, argumentative, and highly prejudicial; that it amounted to an expression of opinion by the court as to what had or had not been proved; that it was an expression of an opinion that the accused was armed when he went to the door of the home where the alleged offense took place; that he tried to effect an entrance; that he used a weapon immediately upon the door being opened, when the defendant contended he had merely protected himself after entering the room.

The charge itself refutes most of the criticism. It instructed the jury to determine whether the defendant shot and killed the deceased, and, if so, whether it was done with malice, and in determining whether there was or was not malice, the jury might consider all of the facts and circumstances of the case as disclosed by the evidence and the defendant's statement. The charge stated a sound principle of law, did not intimate any opinion by the court as to what had been proved, and the illustrations used were not such as tended to mislead, influence, or prejudice the jury against the accused. *Benton v. State,* 185 Ga. 254, 255 (1) (194 S. E. 166); *Burgess v. State,* 93 Ga. 304 (4) (20 S. E. 331); *Perry v. State,* 102 Ga. 365, 366 (8) (30 S. E. 903).

5. The 4th special ground complains of the failure of the court, without request, to charge the jury the law of voluntary manslaughter. The theory of voluntary manslaughter was not involved under the evidence in this case, and the only possible way in which it could be said to have been involved was by the statement of the defendant. This being true, if the defendant desired an instruction on the law of voluntary manslaughter, he should have duly requested the same in writing. He not having done so, it was not error for the trial court to omit to charge thereon. *Roberts v. State,* 143 Ga. 71 (84 S. E. 122); *Stokes v. State,* 143 Ga. 266 (3) (84 S. E. 581); *Jenkins v. State,* 153 Ga. 305 (111 S. E. 915); *Wilson v. State,* 215 Ga. 672 (113 S. E. 2d 95).

6. It was not error for any reason assigned to deny the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 10, 1960—DECIDED NOVEMBER 10, 1960.

*Irwin R. Kimzey,* for plaintiff in error.

*Jeff C. Wayne, Solicitor-General, Sidney O. Smith, Jr., Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General,* contra.