## A00A1614. JOHNSON v. THE STATE.
(539 SE2d 605)

BLACKBURN, Presiding Judge.

Anthony Johnson appeals his conviction by a Hall County jury of two counts of armed robbery, hijacking a motor vehicle, theft by taking a motor vehicle, aggravated assault, and two counts of theft by taking. Johnson claims that the evidence was insufficient to support his convictions for armed robbery, aggravated assault, and hijacking a motor vehicle. Johnson also argues that the trial court erred by admitting into evidence a sign prohibiting smoking near gasoline pumps, by refusing to allow him to argue the significant disparity in sentencing between armed robbery and robbery by intimidation, and by sentencing him separately on each count of armed robbery. In sentencing Johnson, the trial court merged Johnson's aggravated assault conviction into his armed robbery convictions and Johnson's theft by taking a motor vehicle conviction into his conviction for hijacking a motor vehicle, but the trial court did not merge the two armed robbery convictions. We agree that the trial court should have merged Johnson's two armed robbery convictions for purposes of sentencing, and we remand the case with instructions to the trial court to vacate one of the armed robbery convictions. Otherwise, and for the reasons

set forth below, we affirm.

Viewing the evidence in a light most favorable to the jury verdict, the record shows that Zul Charania managed an RK Food Mart in Buford. In March 1998, Johnson grabbed two cases of beer and left the store without paying. Charania recorded the tag number of Johnson's car and called the police. A few days later, Johnson bought a pack of cigarettes from Charania. He left the store and returned for a pack of matches, and then left again, only to return with a gasoline-filled oil can, which he put on the counter. Johnson then picked up a can of motor oil. As Charania was processing the sale, Johnson doused Charania with gasoline. Charania felt the gasoline in his eyes, and he could smell its fumes. Johnson then puffed repeatedly on his lit cigarette, causing the flame at its end to intensify, and profanely insisted that Charania give him "the money" or he would burn Charania with the cigarette. Johnson demanded that Charania give him his wallet and car keys, and Charania complied. He then directed Charania to open the register, and Charania did so with difficulty because he was frightened. Johnson took the money from the register and the car keys from Charania and, leaving the wallet on the counter, left the store, got into Charania's 1997 Honda, and drove away. The police later presented Charania with a photographic lineup. Charania identified Johnson as the perpetrator.

1. In his first enumeration of error, Johnson argues that the evidence was insufficient to support his convictions for armed robbery. The use of an offensive weapon, "or any replica, article, or device having the appearance of such weapon," is an essential element of armed robbery and must be proven by the State. OCGA § 16-8-41 (a). Johnson maintains that the State did not prove that his lit cigarette constituted an offensive weapon. However, "[t]he question is whether the defendant's acts created a reasonable apprehension on the part of the victim that an offensive weapon was being used." (Punctuation omitted.) *Oliver v. State*.[1] It is reasonable to believe that Johnson's lit cigarette became very menacing from the viewpoint of the gasoline-soaked victim. And the victim's testimony showed that he felt threatened for his life:

Q: Why were you scared? A: Because he had put fuel on me and I was real scared that he was going to burn me, you know. I'm very scared of burn. I wouldn't mind dying natural death, but somebody putting a flame to you and burning you, that's a scary thought of dying that way.

The State showed that Johnson used an offensive weapon for

---

[1] *Oliver v. State*, 232 Ga. App. 816, 817 (1) (503 SE2d 28) (1998).

purposes of the armed robbery statute. We have reviewed the evidence and find that a rational trier of fact could find Johnson guilty beyond a reasonable doubt of armed robbery. See *Jackson v. Virginia.*[2]

2. Johnson argues that the evidence was insufficient to convict him of aggravated assault. OCGA § 16-5-21 (a) (2) provides that the crime of aggravated assault consists of an assault "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." Johnson claims that the State failed to show his lit cigarette was an offensive weapon within the meaning of this statute. For objects not considered deadly weapons per se, the State has the burden of showing that the circumstances under which the object was used made it a deadly weapon. *Talley v. State.*[3] In *Talley*, for example, we held that the evidence was sufficient to show that a lamp was used as a deadly weapon. Id. Here, the State did not present specific evidence that the lit end of a cigarette, when pressed against gasoline-soaked clothes, skin or hair, would cause the gasoline to ignite. Nevertheless, " '[j]urors are entitled to use their own common sense as intelligent human beings on many questions.' " *Lanier v. State.*[4] And the nature of a "weapon" is a question of fact for the jury; for example, we have held that "[w]hether or not [a] pocket knife . . . constituted a deadly (or offensive) weapon was properly for the jury's determination." *Hambrick v. State.*[5]

The jury viewed the store's surveillance videotape showing Johnson using his cigarette to threaten Charania. It is common knowledge that gasoline is flammable and that the lit end of a cigarette is extremely hot, and it stands to reason that one who is set aflame is likely to suffer serious burns, if not death. Accordingly, the jury was authorized to find that the cigarette, in conjunction with the gasoline, constituted an offensive weapon likely to cause serious bodily injury.

We have reviewed the evidence and find that a rational trier of fact could find Johnson guilty beyond a reasonable doubt of aggravated assault. See *Jackson v. Virginia*, supra.

3. Johnson claims that the evidence was insufficient to support his conviction for hijacking a motor vehicle. OCGA § 16-5-44.1 (b) provides:

A person commits the offense of hijacking a motor vehicle

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Talley v. State*, 137 Ga. App. 548, 550 (1) (b) (224 SE2d 455) (1976).
[4] *Lanier v. State*, 237 Ga. App. 875, 877 (4) (517 SE2d 106) (1999).
[5] *Hambrick v. State*, 174 Ga. App. 444, 445 (1) (330 SE2d 383) (1985).

when such person while in possession of a firearm or weapon obtains a motor vehicle from the person or presence of another by force and violence or intimidation or attempts or conspires to do so.

Johnson argues that the Honda, which was parked outside the store, was not in Charania's "person or presence." We have construed similar language in the armed robbery statute, OCGA § 16-8-41 (a). In that context, " '[i]mmediate presence' has been held to extend 'fairly far,' and robbery convictions are upheld even out of the physical presence of the victim." *Culver v. State*.[6] Although Charania was not actually in his car, it was parked just outside the store, and he could have accessed it within seconds. Also, Charania's car keys, which are integral to the car's operation, were taken directly from his person upon threat of injury. Given these circumstances, the jury was authorized to find that Johnson took the Honda from Charania's "person or presence" for purposes of the offense of hijacking a motor vehicle.

We have reviewed the evidence and find that a rational trier of fact could find Johnson guilty beyond a reasonable doubt of hijacking a motor vehicle. See *Jackson v. Virginia*, supra.

4. Johnson argues that the trial court erred in sentencing him for two separate counts of armed robbery. In its brief, the State admits the trial court erred in not merging Johnson's armed robbery convictions. In Count 1, Johnson was charged with armed robbery for taking the property of RK Food Mart. In Count 2, he was charged with taking the manager's wallet and keys. Our Supreme Court has held that robbery is a crime against possession which may only be committed against a person and not against a corporation or inanimate object. See *Creecy v. State*;[7] *Snelling v. State*.[8] Here, the property in Count 1 and the property in Count 2 were taken from the possession of Charania in the same incident; the two counts constitute a single crime. Therefore, we order that the case be remanded to the trial court to vacate one of Johnson's armed robbery convictions. See *Jackson v. State*.[9]

5. Johnson claims the trial court erred by admitting into evidence a sign posted at the convenience store prohibiting smoking around the gas pumps. The sign says "No Smoking Turn Off Engine." Johnson claims the sign is hearsay. The trial court, in admitting the sign over objection, ruled that it "corroborat[ed] this witness' testimony that he was scared and thought he was going to be set on fire."

---

[6] *Culver v. State*, 230 Ga. App. 224, 231 (6) (496 SE2d 292) (1998).
[7] *Creecy v. State*, 235 Ga. 542, 543-544 (5) (221 SE2d 17) (1975).
[8] *Snelling v. State*, 215 Ga. App. 263, 268 (2) (450 SE2d 299) (1994).
[9] *Jackson v. State*, 236 Ga. 98 (222 SE2d 380) (1976).

We agree with the trial court that the sign was admissible to show the victim's state of mind. See, e.g., *Sturkey v. State*;[10] *Dixon v. State*.[11] Charania testified as follows:

> Q: And was there any correlation between those signs and your fear? A: I know that we have signs at the store that you're not supposed to smoke while pumping gas and anything, you know, and you should have your ignition off, so I knew that much, that if somebody — it must be very dangerous, that's why we have the signs up there not to smoke while still pumping gas. So I thought maybe that he might could burn me with those cigarettes.

The sign contributed to the victim's apprehension of Johnson's cigarette. Therefore, it was admissible as original evidence of the victim's state of mind at the time of the crime.

6. In his final enumeration of error, Johnson claims the trial court erred in refusing to allow him to argue the significant sentencing disparity between armed robbery and robbery by intimidation. The jury acts as a finder of fact. The legislature determines the range of sentences for a crime. The trial court properly refused to allow Johnson to argue to the jury that, in effect, the legislature was wrong in creating its sentencing structure. Johnson admits his position is not supported by precedent. See, e.g., *Hill v. State*;[12] *Golden v. State*.[13] But he goes on to argue that a sentence imposed on one convicted of armed robbery not using a weapon capable of causing serious bodily harm is unconstitutionally disproportionate because it subjects the perpetrator to a minimum ten-year sentence for a crime in which the victim was not actually subject to serious physical injury. Even assuming that no weapon capable of causing serious bodily injury was involved in this case, "[t]he legislature's choice of sentence is insulated from judicial review unless it is wholly irrational or so grossly disproportionate to the severity of the crime that it constitutes cruel and unusual punishment." *Isom v. State*.[14] We note that the fear imposed on a victim who reasonably believes he or she is being threatened by a weapon capable of causing serious bodily harm, but which is not so capable, is no less real than the fear of a victim faced with an actual deadly weapon. We find no basis in Johnson's constitutional arguments.

---

[10] *Sturkey v. State*, 271 Ga. 572, 573-574 (2) (522 SE2d 463) (1999).
[11] *Dixon v. State*, 256 Ga. 658, 660 (2) (352 SE2d 572) (1987).
[12] *Hill v. State*, 239 Ga. 799 (1) (239 SE2d 15) (1977).
[13] *Golden v. State*, 213 Ga. 481 (3) (99 SE2d 882) (1957).
[14] *Isom v. State*, 261 Ga. 596, 597 (1) (408 SE2d 701) (1991).

*Judgment affirmed in part and reversed in part. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 22, 2000.

*Maddox, Cummings & Kelley, W. Andrew Maddox,* for appellant.
*Lydia J. Sartain, District Attorney, Jason J. Deal, Ted C. Baggett, Assistant District Attorneys,* for appellee.